UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PATRICK JAMES WERNER,

    Petitioner,

v.
                                Case No. 15-CV-1375-PP

JUDY SMITH,

    Respondent.

## DECISION AND ORDER DISMISSING PETITION (DKT. NO. 8)

On November 17, 2015, petitioner, Patrick Werner filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Dkt. No. 8. The petitioner, who is proceeding without a lawyer, is incarcerated in a Wisconsin state prison. Id. at 1. The state court sentenced the petitioner to two consecutive ten-year sentences after he pled no contest to child enticement and second degree sexual assault of a child. Id.[1] This is the petitioner's second petition for a writ of *habeas corpus* concerning the same conviction and sentences. See Werner v. Symdon, 12-CV-1164-WEC, Dkt. No. 1.

In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the court must review, or "screen" the petition. Rule 4 states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition

---

[1] Although he was released on November, 16, 2012, the state re-incarcerated the petitioner on March 24, 2014, following a probation violation. http://offender.doc.state.wi.us/lop/detail.do

1

> and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

"Upon an initial Rule 4 review of habeas petitions, the court may analyze successiveness, timeliness, and exhaustion issues, among other things, and dismiss the petition if necessary." Schuenke v. Smith, No. 15-CV-403-JPS, 2015 WL 1791088, at *1 (E.D. Wis. Apr. 15, 2015). For the reasons explained below, the court is obligated to dismiss this petition.

**I. FACTS**

The petitioner first filed a *habeas* petition in the Eastern District on November 14, 2012. Werner v. Symdon, Case No. 12-cv-1164-WEC (E.D. Wis.), Dkt. No. 1. In that case, he challenged various aspects of his convictions/sentences in State v. Patrick J. Werner, 1998CF1181 (Brown County Circuit Court) and State v. Patrick J. Werner, 1999CF16 (Brown County Circuit Court). Id. In response, the respondent filed a motion to dismiss, raising the defense of procedural default. Werner v. Symdon at Dkt. No. 14. In his brief in opposition, the petitioner did not dispute that his claims were procedurally defaulted. Id. at Dkt. No. 23, p. 5. Rather, he argued that he had established "cause and prejudice" for the default, as well a "fundamental miscarriage of justice." Id. In his May 23, 2013 order dismissing the case, Judge Callahan found that the petitioner had challenged the yearly sex-offender registration fee, the order that he be subject to lifetime GPS monitoring, the monthly GPS-monitoring fee, and the condition of supervision

2

that prohibited him from buying, using or possession a computer without his supervising agent's approval. Id. at Dkt. No. 25, p. 2.

Judge Callahan found that the petitioner had not identified any external impediments that interfered with his ability to file a timely appeal, especially in light of the fact that he was discharged over a month before his appeal was due. Id. at Dkt. No. 25, p. 4. The court also found that because the petitioner had challenged only his sentence (and not his conviction) in that petition, he implicitly had conceded that there was no fundamental miscarriage of justice. Id. at 5. The court dismissed the petition with prejudice, stating that "state review of Werner's claims is now foreclosed, [and] a dismissal without prejudice or a stay would be inappropriate." Id. at 5.

Despite this ruling, it appears that the petitioner went back to state court in September 2013—over fourteen years after his conviction and sentencing—to try to appeal other aspects of the two August 23, 1999 convictions. Dkt. No. 8 at 2. In the current petition, the petitioner indicates that he again is challenging the judgments of conviction entered by the Brown County Circuit Court on August 23, 1999 (Case No. 98CF1181 and Case No. 99CF16). Dkt. No. 8 at 2. In the section of the petition which enquires whether he appealed from the judgment, he indicates that he did; he lists the date of filing for the appeal as "September 2013." Id. He indicates that in that appeal, he raised the issues of ineffective assistance of trial and appellate counsel, "added consequences," Miranda warning/manifest injustice, withdrawal of plea, "STD

3

Issues/New Evidence/3rd Party," mental health issues, Escalona bar, plenary hearing, no merit report, and "Factors Not Known." Id. at 2-3.

In response to the request that he provide the result of that appeal, the petitioner wrote, "No reply brief submitted (which was stricken from the record for excessive pages) Denied. Wrote out by hand while in the County Jail, which the record shows that asked for partially typed Original Brief." Id. at 3. The petitioner states that the appeal was denied on May 28, 2014. Id. He further states that he filed a petition for review with the Wisconsin Supreme Court on July 29, 2014. Id. at 3. In that petition, he claims to have raised the same issues that he raised in the appeal, as well as "Plea Bargain/Inducement of Plea." Id. He indicates that the Supreme Court denied the petition for review on November 13, 2014. Id. The petitioner filed the instant petition on November 17, 2015. Dkt. No. 8.

The petitioner did not attach any documentation to his petition. He did not attach the decisions of either the Wisconsin Court of Appeals or the Wisconsin Supreme Court. A search of the Wisconsin Circuit Court Access Program shows that the petitioner pursued various post-conviction claims in state court after he was sentenced, including filing motions for post-conviction relief, asking to withdraw his plea, and asking for a sentence modification. In July 2013, the plaintiff filed a notice of appeal, and on May 28, 2014, the court of appeals summarily affirmed his conviction. See State v. Werner, 1999CF16, Brown County Circuit Court (available at https://wcca.wicourts.gov). CCAP also shows that the Supreme Court denied the petitioner's petition for review

4

on November 17, 2014. Id. Without the orders from those courts, this court does not know what grounds those courts considered, or the bases for their rulings.[2]

In this second federal *habeas* petition, the petitioner asserts (1) that the detective who questioned him did not provide him with Miranda warnings; (2) that both his trial and his appellate counsel were ineffective; (3) that since his sentencing, he has faced added punishments (such as the GPS condition and sex offender registration requirement he challenged before Judge Callahan); (3) the fact that he was subjected to testing for sexually transmitted diseases during his Brown County cases; (4) that he was never informed that his appellate counsel had petitioned for a no-merit report, nor did he know whether counsel had filed such a report; (5) that he received "only" a Machner[3] hearing, and not a hearing on whether an evidentiary hearing was necessary regarding his ineffective assistance of counsel claim; (6) that he was never afforded his first appeal as of right (which he refers to as an Escalona bar[4]); (7) that his guilty plea was not knowing or voluntary because he was on medications; (8) that he is actually innocent of the charges of conviction; and

---

[2] As discussed later in this order, the court could not decide this petition even if it had the supporting documents from the state courts.
[3] In State v. Machner, the Wisconsin Court of Appeals held that "it is a prerequisite to a claim of ineffective representation on appeal to preserve the testimony of trial counsel." State v. Machner, 92 Wis. 2d 797 (Ct. App. 1979).
[4] The Wisconsin Supreme Court held in State v. Escalona-Naranjo that a defendant "should raise the constitutional issues of which he or she is aware as part of the original postconviction proceedings," and should not "raise some constitutional issues on appeal and strategically wait to raise other constitutional issues a few years later." State v. Escalona-Naranjo, 185 Wis.2d 168, 186 (Wis. 1994).

(9) that he was induced to enter guilty pleas by the threat of more charges and the threat that his counsel would stop representing him, as well as false promises as to the sentence he would receive. Id. at 3-9.

This petition does not comply with the rules governing successive petitions, or with the Seventh Circuit's requirements regarding successive petitions.

## II. DISCUSSION

This court has no jurisdiction to rule on this, the petitioner's second petition. The rules, and the Seventh Circuit Court of Appeals, make clear that before someone can even file a second, or successive, *habeas* petition, that person must obtain an order from the appropriate court of appeals authorizing the district court to consider the second or successive application. 28 U.S.C. §2244(b)(3)(A); see Curry v. United States, 507 F.3d 603, 604 (7th Cir. 2007); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). See also, Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).") "Without such permission, [a district court] lacks subject matter jurisdiction over the petition." Hardison v. Pugh, No. 13-CV-1244, 2014 WL 2002736, at *2 (E.D. Wis. May 14, 2014); see Nunez, 96 F.3d at 991.

Judge Callahan dismissed the plaintiff's first petition because his claims were procedurally defaulted and foreclosed from review in the state court.

6

Werner v. Symdon, 12-CV-1164-WEC, Dkt. No. 25 at 5. The law required the petitioner to obtain permission from the Seventh Circuit Court of Appeals before filing a second petition. See 28 U.S.C. §2244(b)(3)(A). There is no indication in the record that the petitioner obtained that permission. Without that permission, this court does not have subject matter jurisdiction to address the merits of the petition. Nunez, 96 F.3d at 991.

Even if the petitioner had obtained the required permission from the Seventh Circuit, he would have faced further barriers. A "prisoner is entitled to one clean shot at establishing his entitlement to relief in a federal habeas corpus proceeding." Pavlovsky v. VanNatta, 431 F.3d 1063, 1064 (7th Cir. 2005)(citations omitted). For this reason, special rules govern successive petitions. See 28 U.S.C. §2244. Those rules are contained in 28 U.S.C. §2244(b), which provides:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to

7

> establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. §2244.

Thus, if a petitioner already has raised a claim in an earlier petition, he can't raise it again in a later one. If he *didn't* raise a claim in an earlier petition, he has to show either that the law has changed (giving rise to a claim that he could not have known about in the earlier petition), or that there is new evidence (which he couldn't have found before filing the earlier petition), or that the facts underlying the claim would show actual innocence.

Some of the claims the petitioner raises in this case are claims he raised in the case before Judge Callahan. Even if the petitioner had gotten authorization from the Seventh Circuit, this court would have had to dismiss those claims. As to the claims he didn't raise before Judge Callahan, the petitioner would have had to demonstrate one of the three factors articulated in §2244.

Because this court does not have subject matter jurisdiction, it must dismiss this petition.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists

8

could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (internal quotation marks omitted). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further ." Hall v. Pollard, No. 14-C-793, 2014 WL 3728083, at *2 (E.D. Wis. July 28, 2014).

The court concludes that its decision to dismiss the petitioner's claims is neither incorrect nor debatable among jurists of reason. The petitioner did not obtain permission from the Seventh Circuit to file this successive petition, and the court has no subject matter jurisdiction.

### III. CONCLUSION

The court **ORDERS** that this petition is **DISMISSED** for lack of subject matter jurisdiction. Dkt. No. 8. The court **DECLINES** to issue a certificate of appealability, and **DIRECTS** the clerk to enter a judgment dismissing the petition.

Dated in Milwaukee, Wisconsin this 30th day of June, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge